UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PETER J. CUCCIONILLI, on behalf of himself and all others similarly situated,

              Plaintiff(s),

-against-

TATE & KIRLIN ASSOCIATES, INC., and JOHN DOES 1-25,

              Defendant(s).

Civil Case Number: _____

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PETER J. CUCCIONILLI, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, TATE & KIRLIN ASSOCIATES, INC., ("TATE"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Morris County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. TATE maintains a location at 580 Middletown Blvd., Suite 240, Langhorne, PA 19047.

8. Upon information and belief, TATE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. TATE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from TATE concerning a debt owed to CACH, LLC, which included the alleged conduct and practices described herein.

- <u>The class definition may be subsequently modified or refined</u>.

- <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      a.      Whether the Defendant violated various provisions of the FDCPA including but not limited to;

      b.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

      claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before January 19, 2018, Plaintiff incurred a financial obligation to Capital One Bank ("CAPITAL").

16. The CAPITAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CAPITAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. CAPITAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before January 19, 2018, the CAPITAL obligation was sold to CACH, LLC ("CACH").

20. At the time the CAPITAL obligation was sold to CACH the CAPITAL obligation was past due.

21. At the time the CAPITAL obligation was sold to CACH the CAPITAL obligation was in default.

22. On or before January 19, 2018, CACH listed the CAPITAL obligation with TATE for the purpose of collection.

23. At the time the CAPITAL obligation was listed with TATE the CAPITAL obligation was past due.

24. At the time the CAPITAL obligation was listed with TATE the CAPITAL obligation was in default.

25. TATE caused to be delivered to Plaintiff a letter dated January 19, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

26. The January 19, 2018 letter stated "Total Due"    $216.67.

27. The January 19, 2018 letter was sent to Plaintiff in connection with the collection of the CAPITAL obligation.

28. The January 19, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. Upon receipt, Plaintiff read the January 19, 2018 letter.

30. The top right side of the first page stated:

### TATE & KIRLIN ASSOCIATES, INC.
*Toll Free (86) 520-3790 * (215) 253-4351*
**www.paytha.com**

31. The September 17, 2016 letter provided a payment coupon at the bottom of the first page.

32. The payment coupon contains a box allowing for payment *via* credit card - Visa or MasterCard.

33. The January 19, 2018 letter provides for payments in three methods

   a. mail check and/or money order using the payment coupon;

   b. insert credit card information on the payment coupon and mail it to the address provide; or

   c. go online to www.paytka.com and use the TATE'S Online Bill Payment Service.

34. The January 19, 2018 letter does not inform or disclose to the reader that he will be charge a "convenience fee" should he elect to make a payment via www.paytka.com.

35. The January 19, 2018 letter does not inform or disclose to Plaintiff that TATE will charge him a "convenience fee" should he elect to make a payment via www.paytka.com.

36. The January 19, 2018 letter does not inform or disclose to Plaintiff that the only way he will not be charged a "convenience fee" when using www.paytka.com is if he declines such fee.

37. In order for Plaintiff to learn that TATE would be charging him a "convenience fee" when he uses the Online Bill Payment Service, he must go to www.paytka.com and then click on the "Terms and Conditions" button and then read down to paragraph 5.

## POLICIES AND PRACTICES COMPLAINED OF

38. It is TATE'S policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) By making false representations of the compensation which may be lawfully received by any debt collector for the collection of a debt;

(c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d) Collecting or attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

39. On information and belief, TATE sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the state of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

40. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. Collection letters and/or notices, such as those sent by CCS, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

42. The January 19, 2018 letter fails to disclose to the least sophisticated consumer that he will be charge a "convenience fee" should he elect to make a payment via www.paytka.com.

43. The least sophisticated consumer would read the letter and may elect to make a payment via www.paytak.com.

44. TATE engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10).

45. TATE engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692f and 1692f(1).

46. By imposing a "convenience fee" payments made via www.paytka.com, TATE engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B) and 1692e(10).

47. By imposing a "convenience fee" on payments made via www.paytka.com, TATE engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

48. TATE violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

49. TATE violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

50. Section 1692e(2)(B) of the FDCPA prohibits a debt collector from making a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

51. TATE violated 15 U.S.C. § 1692e(2)(B) by making false representations that it was entitled to a "convenience fee" on payments made via www.paytka.com.

52. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

53. TATE'S conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

54. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

55. TATE'S conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

56. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

57. TATE violated 15 U.S.C. § 1692f(1) by collecting and/or attempting to collect a "convenience fee" on payments made via www.paytka.com, when the fee was not expressly authorized by the agreement creating the debt or permitted by law.

58. The agreement creating the CAPITAL obligation does not authorize TATE to charge a "convenience fee" to Plaintiff simply for making a payment via the Online Bill Payment Service.

59. There is no law that permits TATE to charge a "convenience fee" to Plaintiff simply for making a payment via the Online Bill Payment Service.

60. 15 U.S.C. §1692f *et seq.*, prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

61. TATE violated 15 U.S.C. §1692f *et seq.,* by attempting a collect a "convenience fee" for making a payment via the Online Bill Payment Service.

62. TATE violated 15 U.S.C. §1692f(1).*,* by attempting a collect a "convenience fee", which is not authorized by the agreement creating the CAPITAL obligation or permitted by law.

63. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

66. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff has suffered damages and other harm as a direct result of CCS' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 20, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004

(973) 227-5900 telephone  
(973) 244-0019 facsimile  
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*  
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 23, 2017

*/s/ Joseph K. Jones*  
Joseph K. Jones, Esq.

# Exhibit

# A

# TATE & KIRLIN ASSOCIATES, INC.
*Toll Free (866)520-3790 • (215)253-4351*
*www.paytka.com*

Suite 240
580 Middletown Blvd
Langhorne, PA  19047     3

Peter J Cuccionilli

Original Creditor:   CAPITAL ONE BANK (USA) N
Creditor:            CACH LLC
Account Number:      xxxxxxxxxxxx8343
TKA Account #:
Total Due:           $216.67

January 19, 2018

This account has been listed with our office for collection.  This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**PLEASE SEE ADDITIONAL PAGE(S) FOR IMPORTANT PRIVACY NOTICE**

---

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

January 19, 2018
Peter J Cuccionilli

Original Creditor:   CAPITAL ONE BANK (USA) N
Creditor:            CACH LLC
Account Number:      xxxxxxxxxxxx8343
TKA Account #:
Total Due:           $216.67

Please Indicate any address changes below:

Address: _____
City, State, Zip _____
Home Phone #: _____
Business Phone #: _____

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | |
|---|---|
| CARD NUMBER | EXP. DATE |
| SIGNATURE | |
| AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

**Tate & Kirlin Associates, Inc.**
Suite 240
580 Middletown Blvd
Langhorne, PA  19047



G311
TNK.wfd
Page 1 of 2

# PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act and applicable state law.

# Exhibit B

Terms/Conditions    Privacy Policy    Logout

# Tate & Kirlin Associates, Inc. Payment Portal

This site provides a secure payment portal for making online payments. Please ensure that you are paying the correct party and that you have a valid account number received from us.

If you do not know your account number, please **do not make a payment through this web site at this time.** Instead, please **Contact Us** to obtain your account number before returning to make the payment. Without the account number we cannot credit your account with the payment you make on this site, which would result in a significant delay in processing of your payment.

**This is a web site of a collection agency.
This is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

Continue

Make a payment using any of:

  

This is an attempt to collect a debt, and any information obtained may be used for that purpose.
Tate & Kirlin Associates, Inc. is a professional debt collection company.
© Tate & Kirlin Associates, Inc. 2008-2018, All Rights Reserved
**Mobile Version**

Terms/Conditions          Privacy Policy          Logout

**Tate & Kirlin Associates, Inc.**

Home          Payment          Confirmation          Receipt          Contact Us

Print…

## ONLINE ACCOUNT MANAGEMENT
## TERMS AND CONDITIONS

These terms and conditions are designed to provide you with information on our Online Bill Payment service (the "service") and outline important conditions which apply to your using this Service. This service is provided by Tate & Kirlin, Associates Inc ("the Company", "we", "us", and "our") and various third party vendors. The service is subject to certain consumer bank regulatory protections described in the Electronic Fund Transfers Act and the accompanying regulations issued by the Federal Reserve Board. When you initiate an online payment with Tate & Kirlin, Associates Inc or any third party vendor acting on our behalf, you and any person you authorize to perform functions on your account agree to these Terms and Conditions. Please read these Terms and Conditions carefully in their entirety. We also suggest that you print a copy of these Terms and Conditions and keep in a safe place.

1. Services Offered. Tate & Kirlin, Associates Inc 's Online Bill Payment service allows you to authorize Tate & Kirlin, Associates Inc and its associated third party vendors to initiate Automated Clearing House (ACH) debit transaction(s) from your checking account to pay towards your account balance currently held by Tate & Kirlin, Associates Inc . The service is only accessible using your reference number and other required information. You may make a one-time authorized payment or schedule multiple payments through the service. You agree not to provide your personal information to anyone not authorized to sign on to your account and make payments on your behalf.

2. Erroneous Instructions. We will use all reasonable efforts to process your payments properly. Our system logic is designed to alert you throughout the use of the service if errors occur. However, if we receive a payment instruction authorized by you (or by an authorized user) and the instruction is erroneous in any way, we shall have no obligation or liability for the error.

3. Transaction Limitations. Please be aware that certain types of bank accounts have limits on the numbers of transfers or withdrawals that may be made per month. Your bank or other financial institution may refuse transfers which would exceed these limits, so we recommend you check with your bank or other financial institution to determine what limitations are imposed on withdrawals from any account. Also, the service is only available to payers using U.S. bank accounts and will not be able to process requests to international bank accounts. If we are not able to debit the amount required to cover an authorized payment from your account, we will not be able to make the payment you have authorized, and will not be held liable for any costs, damages, etc., caused by the failure to make the payment. We have no obligation to try to debit an account for a specific payment more than once.

4. Cutoff Hours. If we receive payment authorizations from you on or before 2:00 p.m. Eastern Standard Time on a business day, we will attempt to debit the funds from your account(s) on that business day. Otherwise, the funds will be debited from your account(s) on the next business day. Once the ACH authorization is given, we cannot stop the debit from your account.

5. Fees. Tate & Kirlin, Associates Inc charges a convenience fee that may be declined by the user. The financial institution that holds your bank account may impose separate fees in connection with your use of the service or otherwise. Fees imposed by your financial institution or by any other person not directly a part of the ACT transfer will not be reflected on the receipt generated by the service.

6. Electronic Disclosures. We are required to provide you with certain disclosures and notices which are mandated by various laws and rules. You agree to receive all such disclosures electronically, which in most cases will be done at

through the service.

7. Privacy Policy. Information collected through this site is only for purposes directly associated with the resolution of your account. Such information may include: name, address, phone number and email address. Additional voluntary information may include demographic and employment information. Your information is for internal use only and we will never sell any personally identifiable information to a third party for marketing purposes. We will only disclose information to the original account holder about your account or the transfers or payments you make:

(a) where it is necessary for completing transfers or payments,

(b) if lawfully required or

(c) if you request or authorize it.

8. Your Liability. You agree to regularly and promptly review and verify all transactions either through our service or through the monthly statements received from your bank holding the account(s) used in the ACH debit transaction. Tell us AT ONCE if you believe that the codes provided to access the service have been stolen or used by an unauthorized person. Telephoning is your best way of keeping your possible losses down. If your bank statement shows transactions by us that you did not authorize, tell us at once. If you do not tell us within 90 days after the statement was mailed to you, you may not get back any money you lost after the 90 days, if we can prove that we could have stopped someone from taking the money if you had told us in time. If a good reason (such as a long trip or a hospital stay) kept you from telling us, we will extend the time periods. You also should contact your bank.

9. Our Liability. If we do not complete a payment which you have authorized in a timely manner, in accordance with the terms and conditions herein, we will be liable for your losses or damages. However, there are some exceptions. We will NOT be liable, for example, when:

a. Through no fault of ours, your account does not contain sufficient available funds for us to debit the account in the amount of the payment due.

b. The service or other systems are not working properly.

c. Circumstances beyond our control (such as fire, flood, computer breakdown or problems with a telephone line) prevent or impede the transaction, despite reasonable precautions we have taken.

d. The funds in your account are subject to an uncollected funds hold, legal process or any other encumbrance or claim restricting transfers at the time we attempt to debit your account for an authorized payment(s).

e. The information you or your payees have supplied to us is incorrect, incomplete or not timely.

10. In Case of Errors or Questions About Transfers From Your Account. ALL QUESTIONS ABOUT TRANSACTIONS USING THE SERVICE MUST BE MADE DIRECTLY TO Tate & Kirlin, Associates Inc AND NOT TO THE BANK OR OTHER FINANCIAL INSTITUTION WHERE THE ACCOUNT MAY BE LOCATED. We are responsible for the service and for resolving any errors in transactions made using the service. There are two ways to contact us if you believe there has been an error or unauthorized transaction, telephone Tate & Kirlin, Associates Inc at 800-355-0333, or write to Tate & Kirlin, Associates Inc, 2810 Southampton Rd Phila, PA 19154, as soon as you can. SAVE THE RECEIPT THAT IS GENERATED WHEN YOU USE THE SERVICE AND CHECK IT AGAINST THE ACCOUNT STATEMENT YOU RECEIVE FROM YOUR BANK OR OTHER FINANCIAL INSTITUTION. If you have any questions about a transaction initiated using our service, call or write us at the number and address listed above. We must hear from you as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt, but no later than 90 days after the FIRST bank statement on which the problem or error appears. When contacting us, you must:

(a) tell us your name and reference number (if any)

(b) describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information

(c) tell us the dollar amount of the suspected error.

If you initially provide information to us orally via the telephone, we may require that you send your complaint or question in writing within 10 business days to fully preserve your rights. Please submit your complaint or question in writing to at Tate & Kirlin, Associates Inc. at 2810 Southampton Rd Phila, PA 19154. We may take up to 45 days to investigate your complaint or question.

11. Change In Terms. It is possible that our terms and conditions may change over time. We will post any changes on the service and will send you any legally required notice. Prior notice may not be given, however, where an immediate

change is necessary for security purposes.

12. TCPA Notice: You agree to give us consent to dial any phone numbers we have on record, including all cell phone numbers associated with your account through our automated dialer.

13. Limitations. You agree that neither we nor any party involved in creating or delivering this service is liable for any direct, indirect, incidental, consequential or punitive damages arising out of your access to, or use of this service. We assume no responsibility for and will not be liable for any damages to or any viruses which may affect your computer equipment or other property on account of your access to, use of or downloading from our web site or use of our service.

14. No Waiver; Severability. If we fail to enforce any of our rights under these terms and conditions, our internal Policies or applicable laws, it shall not be deemed to constitute a waiver of such right. If any provision of these documents is found by a court to be invalid, then the remaining terms and conditions shall remain in full force and effect. By accessing and using this service, you agree to these Terms and Conditions without limitation or qualification.

15. If you generate any emailed inquiries from the Questions and Disputes page of this website you give us consent to use email as a means of communication to provide solutions to your inquiry. We may continue to use email as a means of communication until you notify us to cease this method of communication.

16. There is no refund or return policy as the purpose is to collect a debt, however reserves the right to provide a refund at its own discretion.

Print…

**This is an attempt to collect a debt, and any information obtained may be used for that purpose.**
**Tate & Kirlin Associates, Inc. is a professional debt collection company.**
**© Tate & Kirlin Associates, Inc. 2008-2018, All Rights Reserved**